**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JOSE VALDIVIA-DELGADO,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

Civil No. 13-1439(DRD)

**OPINION AND ORDER**

Pending before the Court are: Petitioner Jose Valdivia-Delgado's ("Petitioner" or "Valdivia") *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1) pursuant to 28 U.S.C. § 2255; United States' *Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 5); Petitioner's reply to the United States' opposition (Docket No. 10); Magistrate Judge's *Report and Recommendation Denying Petitioner's Motion Under 28 U.S.C. § 2255* (Docket No. 11); and Petitioner's *Objection to Magistrate's Report and Recommendation* (Docket No. 12). For the reasons elucidated below, the Court hereby **ADOPTS IN TOTO** the Magistrate Judge's *Report and Recommendation* (Docket No. 11) and **DENIES** Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1).

**I. REFERRAL TO THE MAGISTRATE JUDGE**

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). *See* FED. R. CIV. P. 72(b); *see also* Local Rule 72(a); Matthews v. Weber, 423 U.S. 261, 96 S.Ct. 549 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. FED. R. CIV. P. 72(b). Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), *cert denied*, 474 U.S. 1021 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); *see* Henley Drilling Co. v. McGee, 36 F.3d

143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also* Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Borden v. Sec. of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's *Report and Recommendation*, need only satisfy itself that there is no "plain error" on the face of the record. *See* Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also* Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also* Nogueras-Cartagena v. United States, 172 F.Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory

Committee note regarding FED.R.CIV.P. 72(b)); *see also* Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, Petitioner filed objections to the Magistrate Judge's *Report and Recommendation*. *See* Docket No. 11. Thus, the Court will conduct a *de novo* review of the objected-to portions of the Magistrate Judge's *Report and Recommendation*, but will review unobjected-to portions for plain error.

After a careful analysis, the Court finds no "plain error" in the unobjected-to *Introduction* section of the Magistrate Judge's *Report and Recommendation*. Thus, rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, noting particularly that they remain unchallenged.

## II. ANALYSIS

### *Ineffective Assistance of Counsel*

In support of his contention that his sentence must be vacated, the Petitioner first avers that Attorney Nicolas Nogueras, who was Petitioner's attorney during the jury trial, provided ineffective assistance of counsel when he allegedly failed to contest the adequacy of various wiretap translations

that were introduced at trial. As such, counsel's failure to properly object to the translation of the wiretaps caused extreme prejudice to the accused. In addition, Petitioner also posits that Attorney Nogueras interfered with his constitutional right to testify at trial by doing everything within his power to prevent the Petitioner from testifying.[1]

Second, Petitioner contends that Attorney Rachel Brill, who assumed the Petitioner's representation for appellate purposes, also violated his Sixth Amendment right to effective assistance of counsel. Petitioner attacks Attorney Brill's performance on appeal by highlighting that all of the issues now before this Court should have been raised on appeal.

After conducting an exhaustive review of the record, the Court agrees with Magistrate Judge Arenas' determination that neither Attorney Nicolas Nogueras nor Attorney Rachel Brill's performance fell below an objective standard of reasonableness. Thus, Petitioner fails to satisfy the first prong of the applicable *Strickland* test. *Strickland v. Washington*, 466 U.S. 668 (1984). The Court explains.

---

[1] Petitioner originally alleged that the holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), was applicable to cases on collateral review, and that said holding retroactively applied to the case at bar. In his Objection to Magistrate's *Report and Recommendation*, Petitioner concedes that "*Alleyne* does not apply to cases on collateral review" and that the jury did in fact make a requisite finding regarding the amount of drugs directly attributable to him. *See* Docket No. 12, at 4.

Under the *Strickland* test, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland*, 466 U.S. at 688)); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994); *López-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990) (citing *Strickland*, 466 U.S. at 687). There is no doubt that *Strickland* also applies to representation outside of the trial setting, which would include plea bargains, sentence and appeal. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Bonneau v. United States*, 961 F.2d 17, 20-22 (1st Cir. 1992); *United States v. Tajeddini*, 945 F.2d 458, 468-69 (1st Cir. 1991)(abrogated on other grounds by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)); *cf. Panzardi-Álvarez v. United States*, 879 F.2d 975, 982 (1st Cir. 1989); *López-Torres v. United States*, 876 F.2d 4, 5 (1st Cir. 1989) (abrogated on other grounds by *Bonneau v. United States*, 961 F.2d 17 (1st Cir. 1992)).

As Magistrate Judge Arenas described in great detail, Attorney Nogueras "can hardly be called incompetent" given the

pace at which he opportunistically "bombarded the court with motions during the same period of time he was attempting to negotiate a plea with the government." *See* Docket No. 11, at 23. The zealous representation of Attorney Nogueras was also evident during trial, when he objected, on numerous occasions, to the admissibility of the Aruban Wiretaps in their translated form. These objections, in turn, led to the parties and the Court finding a compromise as to how best to proceed in conformity with the holding in *United States v. Morales-Madera*, 352 F.3d 1, 8 (1st Cir. 2003)(suggesting that "the preferred solution is to obtain agreement from counsel as to an accurate translation."). That Attorney Nogueras waited until trial to object to the adequacy of the translations of the Aruban Wiretaps was simply a matter of trial strategy, which the Court will not second-guess.

Moreover, Petitioner's assertion that Attorney Nogueras violated his constitutional rights by refusing to allow the Petitioner to testify on his own behalf at trial is unavailing. As the Magistrate Judge noted: "Assuming petitioner's knowledge of the right to testify, whether he testified or not under the circumstances was primarily a matter of trial strategy to be decided between the defendant and his attorney." Docket No. 11, at 19 (citing *Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 50 (D.P.R. 2006)(citing *Brooks v. Tennessee*, 406 U.S. 605

(1972)). Petitioner had knowledge as to his right to testify, as he consulted with his family members whether to exercise said right. Attorney Nogueras, an experienced criminal defense attorney, recommended that the Petitioner not testify on his own behalf at trial for several reasons. The Court agrees with Magistrate Judge Arenas that said recommendation was reasonable, as the Petitioner could have easily incriminated himself further by corroborating the voice on the wiretaps with his own voice on the stand.

Petitioner's argument regarding Attorney Brills' representation fares no better, as Petitioner failed to demonstrate that her representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 686-87. As the Supreme Court has stated on countless occasions, "an appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 256, 288 (2000)(citing *Jones v. Barnes*, 463 U.S. 745 (1983)). In fact, the First Circuit praised appellate counsel's efforts, emphasizing that Attorney Brill "identified and ably pressed numerous claims in this appeal, and has established that the trial was not perfect." *United States v. Valdivia*, 680 F.3d 33, 55 (1st Cir. 2012).

*Jury Instructions and Conduct of Trial Judge*

Petitioner's claim that the Final Jury Instructions did not contain an appropriate reasonable doubt instruction is patently incorrect. *See* Docket No. 12, at 6-7 (Petitioner arguing that the instruction did not convey the concept of reasonable doubt to the jury). The presumption of innocence and reasonable doubt instruction provided by the Court to the members of the jury contains all of the necessary safeguards needed to guarantee that a criminal defendant's constitutional rights are not being violated. *See* Criminal Case No. 03-0331, Docket No. 185, at 7-8. This instruction parallels Model Jury Instruction 3.02, as set forth by the First Circuit Court of Appeals.

Lastly, Petitioner also alleges that the trial judge made prejudicial comments during trial that ultimately affected the outcome of the case. This issue was explicitly decided by the First Circuit Court of Appeals, who found the trial judge to have been neutral, particularly as to the English translations for the record. *See Valdivia*, 680 F.3d at 45. The First Circuit further emphasized in its extensive *Opinion* that "[t]he district judge conscientiously addressed the issues presented to him and insured that the defendant was tried fairly." *Valdivia*, 680 F.3d at 55. The First Circuit then accentuated that "there were no reversible errors, cumulatively or otherwise." *Id.* The

issues presented by Petitioner were set forth in his appeal and were summarily denied. As such, the Court need not go further.

## III. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **ADOPTS** the Magistrate Judge's *Report and Recommendation* (Docket No. 11) **IN TOTO** and **INCORPORATES IT HEREIN BY REFERENCE.** Accordingly, Petitioner's *Motion to Vacate* (Docket No. 1) is hereby **DENIED.**

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c)(3).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2015.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE